IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. ROBERT ANDERSON, and | ) | |
| | ) | |
| 2. SPENCER HECKATHORN, individually, and on behalf of all others similarly situated, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case: 4:24-cv-00174-MTS |
| 1. FARMERS INSURANCE EXCHANGE, | ) ) ) ) | |
| 2. FARMERS INSURANCE COMPANY, INC., | ) ) ) | |
| 3. FIRE INSURANCE EXCHANGE, | ) ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS**
**CLASS ACTION COMPLAINT AND OPENING BRIEF**

Defendants Farmers Insurance Exchange, Farmers Insurance Company, Inc., and Fire Insurance Exchange (collectively "Farmers") respectfully asks this Court to dismiss Plaintiff Robert Anderson's claims under Rule 12(b)(1) and (6). Anderson seeks to hold Farmers liable under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), for telemarketing calls allegedly made by unidentified entities ("Unknown Callers") to his telephone number while the number was on the National Do Not Call Registry. To state a claim based on violations of the Do Not Call regulations, a plaintiff must allege that he received more than one telemarketing call from the defendant within a 12-month period. 47 U.S.C. § 227(c)(5). Anderson has only alleged one call that has any possible connection to Farmers. The other calls about which Anderson complains came from unidentified callers,

from different telephone numbers, on different days. Anderson admits that none of the voicemail messages left by the unknown callers referenced "Farmers." Anderson fails to state a claim against Farmers and fails to allege facts that would show he suffered any injury that is fairly traceable to Farmers.

I.     **ALLEGATIONS**

Farmers contracts with independent contractor insurance agents to market insurance policies. [Dkt. 2, ¶ 36.]

Anderson alleges that between October 19, 2021, and October 22, 2021, he received several telemarketing calls from various telephone numbers:

| Date | Number of Calls | Telephone Number | Calling Entity Alleged | Content of Call Alleged |
|---|---|---|---|---|
| October 19, 2021 | 7 | 708-662-6520 | Unknown | None |
| October 20, 2021 | 1 | 708-662-6520 | Unknown | None |
| October 20, 2021 | 1 | 708-665-4919 | Unknown | None |
| October 21, 2021 | 3 | 708-665-6655 | Unknown | None |
| October 21, 2021 | 3 | 708-640-0939 | Unknown | None |
| October 22, 2021 | 1 | 708-665-6421 | Unknown | None |
| October 22, 2021 | 3 | 708-640-4818 | Unknown | None |

[Dkt. 2, ¶¶ 48-57.] Anderson did not answer any of the calls. Although the callers left voicemail messages, none of the callers made any reference to "Farmers." [Dkt. 2, ¶¶ 51, 58.] The Complaint includes no allegations about the content or substance of the voicemail messages.

Anderson alleges he received another telemarketing call at 1:47 p.m. on October 22, 2023, from a new phone number, 708-640-4850. When Anderson answered this call, the caller "advised that they were calling from Farmers Insurance." [Dkt. 2, ¶ 61.] Anderson does not allege the name of the person with whom he spoke. After answering a series of questions, the call ended. [Dkt. 2, ¶ 62.] After the call, Anderson received an email from Seth Dierker of the Nickolas Ward Insurance Agency LLC with a preliminary quote for an auto insurance policy from one of the companies operating under the Farmers® service mark. [Dkt. 2, ¶¶ 63, 67.] Ward is an independent contractor insurance agent appointed to sell Farmers® insurance.

## II.      LEGAL STANDARD

Rule 12(b)(1) permits a defendant to move for dismissal of a claim based on a court's lack of subject matter jurisdiction. *A. W. ex rel. Wilson v. Fairfax Cnty Sch. Bd,* 548 F. Supp. 2d 219, 221 (E.D. Va. 2008). A defendant may challenge the court's subject matter jurisdiction in one of two ways: (1) the defendant may raise a facial challenge by arguing that the facts alleged in a complaint are not enough to confer subject matter jurisdiction on the court or (2) the defendant may raise a factual challenge by arguing that the jurisdictional allegations made in the complaint are not true. *Brunelle v. Norfolk S. Ry. Co.,* No. 2:18cv290, 2018 WL 4690904, at *2 (E.D. Va. Sept. 28, 2018) (quoting *Kerns v. United States,* 585 F.3d 187, 192 (4th Cir. 2009)). In a facial challenge, the court evaluates the facts in a complaint using the same standard used for a Rule 12(b)(6) motion to dismiss – "all alleged facts are taken as true and the motion must be denied if the complaint alleges facts that, if proven, would be sufficient to sustain jurisdiction." *Id.* (citing *Kerns,* 485 F.3d at 192).

A motion to dismiss under Rule 12(b)(6) may be granted if, accepting all well-pleaded

3

allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, while disregarding unsupported conclusory statements, a court concludes that plaintiff has failed to set forth fair notice of what the claim is and the grounds on which it rests. *Id.* A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* at 678.

### III.  ARGUMENT

The Complaint fails to allege any facts that would connect Farmers to more than one telephone call to Anderson. Because § 227(c)(5) requires more than one call to state a claim based on a violation of the Do Not Call regulations, the Complaint should be dismissed under Rule 12(b)(1) for lack of Article III standing, or Rule 12(b)(6) for failure to state a claim.

#### A.  Anderson Lacks Article III Standing

The Court should dismiss Anderson from the Complaint under Rule 12(b)(1) for lack of subject matter jurisdiction because Anderson fails to plead sufficient facts that could show that the alleged calls are fairly traceable to Farmers and can be redressed by Farmers. He thus lacks Article III standing.

As provided by Article III of the Constitution, federal courts have subject matter jurisdiction over justiciable cases or controversies. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559-60 (1992). The Supreme Court has explained that an "essential and unchanging part of the case-or-controversy requirement" is that a plaintiff must show Article III standing to sue. *Id.*, at 560. In *Spokeo v. Robins*, the Supreme Court repeated that, in order to establish

standing, a plaintiff must have: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant; and[,] (3) that is likely to be redressed by a favorable judicial decision." 578 U.S. 330, 338 (2016) (citing *Lujan*, 504 U.S. at 560¬61).

The purpose of "[t]he fairly traceable requirement [is to] ensure[ ] that there is a genuine nexus between a plaintiff's injury and a defendant's alleged illegal conduct." *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 161 (4th Cir. 2000) (internal quotation omitted); *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014) (noting that causation for Article III standing requires the "injury in fact" be "fairly traceable" to the defendant's conduct). The redressability prong of Article III standing determines whether "a plaintiff personally would benefit in a tangible way from the court's intervention." *Friends of the Earth, Inc.*, 204 F.3d at 162 (internal quotation omitted). "This question is linked to the traceability inquiry, because for the Court to be able to redress the injury, that injury 'must result from the actions of the [defendant], not from the actions of a third party beyond the Court's control.'" *Scruggs v. CHW Grp., Inc.*, No. 2:20CV48, 2020 WL 9348208, at *7 (E.D. Va. Nov. 12, 2020) (quoting *Mirant Potomac River, LLC v. EPA*, 577 F.3d 223, 226 (4th Cir. 2009)). Anderson lacks standing because he fails to allege facts that would connect Farmers to any of the telemarketing calls, particularly the 19 calls that did not even mention the name "Farmers."

In *Brown v. Nano Hearing Tech Opco, LLC*, the court granted the defendant's motion to dismiss TCPA claims for lack of standing. No. 3:24-cv-221, 2024 WL 3367536, at *7 (S.D. Cal. July 9, 2024). There, as in this case, the plaintiff admitted that none of the callers identified themselves or the defendant's agents during the calls. *Id.*, at *3. The court held that failing to allege facts supporting the inference that the defendant or one of its agents made any of the

5

calls meant that any injury was not fairly traceable to the defendant and that any decision against the defendant would not redress the injuries allegedly caused by the unknown callers. *Id.*, at *7.

In *Hicks v. Alarm.com, Inc.*, the plaintiff alleged that he received a call from "Mark with home security promotion." No. 1:20-CV-532, 2020 WL 9261758, at *1 (E.D. Va. Aug. 6, 2020). The message included a call back number. When the plaintiff dialed the number, he was connected to a person who identified the defendant as the company offering the home security service. The court granted the motion to dismiss based on lack of standing. The court found the plaintiff had failed to properly plead causation and redressability where no facts detailed Alarm.com's involvement in placing any of the calls because plaintiff failed to allege that the calls made any mention of the defendant. *Id.*, at *5.

In *Scruggs,* the plaintiff alleged that he received a series of telemarketing calls in which the caller identified himself as associated with the defendant. *Scruggs*, 2020 WL 9348208, at *1. The court dismissed the complaint finding that the plaintiff's alleged injury was not fairly-traceable or redressable by the defendant where the plaintiff had alleged only threadbare recitations that the defendant had made the telemarketing calls. *Id.*, at *5-6. Specifically, the *Scruggs* court noted that the only fact that the plaintiff offered to connect the calls to the defendant was that the "the caller identified himself as associated with CHW." *Id.* at *6. This allegation, without more details regarding the call or caller, was insufficient to support a finding that the alleged conduct was traceable to the defendant. *Id.*

Anderson's allegations against Farmers include fewer facts than those found insufficient in *Brown*, *Hicks*, and *Scruggs*. Anderson admits that 19 of the calls included no mention of Farmers whatsoever. [Dkt. 2, ¶¶ 51, 58.] Because Anderson pleads no facts

6

showing any conduct traceable to Farmers, his injury is also not capable of being redressed by Farmers. *See Scruggs*, 2020 WL 9348208, at *7 ("Having found that Scruggs failed to adequately allege facts that fairly trace his injury to CHW, the Court also finds that his injury is not redressable, because the conduct could have been caused by a third party not before the Court."). The Court should dismiss Anderson's claims for lack of subject matter jurisdiction under Rule 12(b)(1) due to a lack of Article III standing.

### B. Anderson Fails to State a Claim Because He Does Not Allege Any Facts that Farmers Is Liable for the Calls

To survive Rule 12(b)(6) scrutiny, a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The alleged facts must be enough to support a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556; *see also Iqbal*, 556 U.S. at 663. While the Court must assume all well-pleaded factual allegations to be true, mere labels and conclusions declaring that the plaintiff has the right to relief are not enough. *Twombly*, 550 U.S. at 555. Thus, "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted).

Plaintiff fails to state a claim because he does not allege Farmers placed the calls and does not allege facts to support a theory of vicarious liability for the actions of the Unknown Callers.

#### 1. Anderson Fails to Sufficiently Allege Direct Liability

Direct liability under the TCPA applies only to individuals or entities who "initiate" telemarketing calls. The Federal Communications Commission has clarified that to "initiate"

7

means to "physically place" the call. *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 30 FCC Rcd. 7961, 7980, ¶ 30 (2015)); *Brown*, 2024 WL 3367536, at *3.

Here, the Complaint alleges no facts from which the Court could infer that Farmers initiated more than one telephone call to Anderson. Anderson did not answer 19 of the 20 calls and, therefore, cannot allege any facts connecting the call to Farmers. Importantly, Plaintiff does not allege that the caller ever mentioned Farmers or that the phone numbers associated with the calls are associated with or owned by Farmers. *See Aaronson v. CHW Group, Inc.*, No. 1:18-cv-1533, 2019 WL 8953349, at *4 (E.D. Va. Apr. 15, 2019) (noting that facts as to how the caller identified itself, the substance of the calls, and details from the calls are the kind of allegations that "would tend to identify defendant as the party that actually, physically took the steps to place the calls to plaintiffs phone").

Courts have consistently found that complaints lacking factual allegations showing the defendant actually initiated the phone calls should be dismissed. *See Brown*, 2024 WL 3367536, at *4 ("Brown does not allege that any of the callers identified themselves as representatives of Nano. These allegations are insufficient to establish that Nano directly made the calls"); *Hicks*, 2020 WL 9261758, at *5 (dismissing TCPA claim finding that the complaint alleged "no facts detailing Alarm.com's involvement in placing any calls."); *Aaronson*, 2019 WL 8953349, at *2 (holding that, "at the pleadings stage, plaintiff must allege facts to support his conclusion or belief that defendant is the party that made the calls to plaintiffs cellular phone") (citing various cases); *see also In re: Monitronics Intl, Inc., Tel. Consumer Prot. Act Litig.*, 223 F. Supp. 3d 514, 519 (N.D. W.Va. 2016), *aff'd sub nom.* 885 F.3d 243 (4th Cir. 2018).

Consistent with this precedent, because the Complaint contains no factual allegations that Farmers physically initiated more than one telemarketing call to Anderson, he has not

8

established Farmers' direct liability.

### 2. Anderson Fails to Sufficiently Allege Vicarious Liability

Anderson also fails to allege any facts that would show Farmers' vicarious liability over the Unknown Callers. "Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Mavrix Photographs, LLC v. Livejournal, Inc.*, 873 F.3d 1045, 1054 (9th Cir. 2017) (quoting Restatement (Third) of Agency § 1.01 (2006)). "Agency means more than mere passive permission; it involves request, instruction, or command." *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1085 (C.D. Ca. 2012) (quoting *Klee v. United States*, 53 F.2d 58, 61 (9th Cir. 1931)). To plead agency, Plaintiff "must allege facts demonstrating the principal's control over its agent." *Freidman v. Massage Envy Franchising, LLC*, No. 3:12-CV-02962, 2013 WL 3026641, at *3 (S.D. Cal. June 13, 2013).

There are three theories of vicarious liability: (1) actual authority; (2) apparent authority; and (3) ratification. *Thomas v. Taco Bell Corp.*, 582 F. App'x 678, 679 (9th Cir. 2014). To plead the existence of an agency relationship under any theory, a plaintiff must allege a factual predicate sufficient to create the inference of agency. This pleading requirement is absolute because "agency is a legal relationship whose existence flows from facts" and it is "incumbent on the pleader to allege some factual predicate . . . to create the inference" of agency. *Rand Bond of N. America, Inc. v. Saul Stone & Co.*, 726 F. Supp. 684, 687 (N.D. Ill. 1989). Where, as here, a plaintiff tries to rely on bare conclusions to establish an agency relationship, the complaint should be dismissed. *Lent v. JP Morgan Chase Bank, N.A.*, No. 11-CV-345, 2011 WL 5971190, at *3 (C.D. Cal. Nov. 29, 2011) ("If Plaintiff wishes to rely on an

agency theory, she must allege facts in support thereof; legal conclusions are insufficient."); *see also Freidman*, 2013 WL 3026641, at *3 (dismissing TCPA claim, "[t]o sufficiently plead an agency relationship, a plaintiff must allege facts demonstrating the principal's control over its agent.") (quotation omitted); *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1301 n.46 (D. Nev. 2014) (citing *Iqbal* and concluding that, to allege an agency theory of liability under the TCPA, "sufficient facts must be offered to support a reasonable inference that an agency relationship existed").

### a. Anderson Has Not Alleged Any Facts to Support Actual Authority for the Unknown Callers

Anderson fails to allege facts supporting an actual agency relationship between Farmers and any of the unknown callers responsible for the calls. Anderson alleges no facts to suggest that Farmers had any direct relationship with the callers. Nor does Anderson allege any facts to suggest that Farmers instructed the unknown callers to make the calls or had the right to control the callers. Rather, Anderson tries to show that Farmers had the right to control the independent contractor insurance agents. But there are no facts alleged that connect a Farmers® insurance agent to 19 of the 20 calls. The calls came from different numbers on different days.

Courts have found that a plaintiff's failure to allege sufficient facts establishing an agency relationship with or control over a purported agent is fatal to TCPA claims based on vicarious liability at the pleading stage. In *Brown*, the court found that the plaintiff failed to allege facts supporting actual authority where the plaintiff admitted that none of the callers identified themselves as the defendant's agents or had any interactions with the defendant. *Brown*, 2024 WL 3367536, at *4.

In *Scruggs,* the court found that the plaintiff's sparse allegations of the calls in which he

10

merely stated that the caller identified himself as "associated with [the defendant]" was not sufficient to support an inference of vicarious liability. *Scruggs*, 2020 WL 9348208, at *10. In *Aaronson,* the court found that a "conclusory, boilerplate allegation" that "defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers," was similarly not enough to show defendant was vicariously liable for contested calls. *Aaronson*, 2019 WL 8953349, at *3.

In *Aaronson*, the court suggested that additional facts would be necessary to support an inference of vicarious liability. These could include: (i) how the caller identified his or her self (e.g., as defendant's employee), (ii) the substance of the call (e.g., a statement by the caller that he or she was marketing defendant's goods or services), or (iii) other call details evidencing an agreement by the caller to act on the defendant's behalf and be subject to the defendant's control. *Aaronson*, 2019 WL 8953349, at *3. There are no such allegations relating to Farmers and the Unknown Callers in the Complaint.

    **b. Anderson Has Not Alleged Facts Supporting Apparent Authority**

"Apparent authority arises from the principal's manifestations to a third party that supplies a reasonable basis for that party to believe that the principal has authorized the alleged agent to do the act in question." *NLRB v. Dist. Council of Iron Workers of the State of Cal. & Vicinity*, 124 F.3d 1094, 1099 (9th Cir. 1997). It cannot be established merely by showing that the alleged agent "claimed authority or purported to exercise it." *Id.* Rather, "it can only be established by proof of something said or done by the [alleged principal], on which [the plaintiff] reasonably relied." *Thomas*, 582 F. App'x at 679.

Here, Anderson does not allege that he ever spoke with anyone from Farmers during

11

any of the calls. The Complaint alleges no facts that Farmers or the unknown callers said or did anything that could have led Anderson to believe that the unknown callers were calling on Farmers' behalf. Aside from the six different-telephone numbers, Anderson does not identify the names of the callers, nor does he identify any insurance agent associated with any of the calls. Anderson's failure to allege that he reasonably relied on words or conduct from Farmers dooms any claim of apparent authority. *Brown*, 2024 WL 3367536, at *5 ("Brown's apparent authority theory fails because Brown fails to allege any facts of interaction between Nano and Brown or Nano and the callers that could support a belief that the callers had authority to make calls on Nano's behalf. Allegations of the alleged agents' statements alone are insufficient.") (citation omitted). At most, Anderson alleges that after one of the 20 he received an email from the Nickolas Ward Insurance Agency. But to state a claim under § 227(c)(5), Anderson must allege facts connecting Farmers to more than one call.

      **c.**      **Anderson Fails to Plead Any Facts to Support Ratification of Calls Made by the Unknown Callers**

In Oklahoma, "[r]atification is defined as the giving of sanction and validity to something done by another." *Shephard v. CompSource Oklahoma*, 209 P.3d 288, 293 (Okla. 2009). Ratification requires that one person acting on behalf of another "assumed to act as his agent in doing the act … without authority to do so," and for ratification to be "valid and binding," "it is essential that the principal have full knowledge of all material facts and circumstances relative to the unauthorized act or transaction." *Gregory v. Lindamood Heavy Hauling, Inc.*, No. CIV-22-327-R, 2022 WL 2792203, at *4 (W.D. Okla. July 15, 2022) (quoting *Amazon Fire Ins. Co. v. Bond*, 165 P. 414, 418 (Okla. 1917)). Anderson has not alleged who the unknown callers were much less that Farmers had knowledge that the unknown callers were calling Anderson or any other consumer.

12

## IV. CONCLUSION

For the reasons set forth above, Farmers respectfully requests that the Court dismiss Anderson from this action due to his lack of Article III Standing or, in the alternative, his failure to state a claim.

Respectfully Submitted,

By:    /s/ John H. Tucker
JOHN H. TUCKER, OBA 9110
jtucker@rhodesokla.com
KERRY R. LEWIS, OBA 16519
klewis@rhodesokla.com
RHODES HIERONYMUS JONES TUCKER & GABLE
Two W. 2nd Street, Suite 1000
P.O. Box 21100
Tulsa, OK 74121-1100
(918) 582-1173; (918) 592-3390 [fax]
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on the 16th day of July, 2024, I electronically transmitted the attached document to the Clerk of Court using the Court's CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

*Counsel for Plaintiffs*:

Charles Richardson     chuck@rrbok.com
Colton Richardson     colton@rrbok.com
RICHARDSON RICHARDSON BOUDREAUX
7447 South Lewis Avenue
Tulsa, OK 74136

Christopher E. Roberts     croberts@butschroberts.com
BUTSCH ROBERTS & ASSOCIATES
777 Bonhomme Avenue, Suite 1300
Clayton, MO 63105

Jacob U. Ginsburg  jginsburg@creditlaw.com
30 East Butler Avenue
Ambler, PA  19002


         _/s/ John H. Tucker_