UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

ROBERT ANDERSON, and )
SPENCER HECKATHORN, individually and )
on behalf of all others similarly situated, )
)
        Plaintiffs, )
)
v. ) Case No. 24-CV-0174-CVE-MTS
)
FARMERS INSURANCE EXCHANGE, )
FARMERS INSURANCE COMPANY, INC., )
and )
FIRE INSURANCE EXCHANGE, )
)
        Defendants. )

## ORDER AND OPINION

Before the Court is defendants' Farmers Insurance Exchange, Farmers Insurance Company, Inc., and Fire Insurance Exchange (Farmers)[1] motion to dismiss (Dkt. # 32) plaintiff Robert Anderson's first amended class action complaint, Anderson's response (Dkt. # 36), and Farmers' reply (Dkt. # 39). Farmers argues that Anderson fails to state a claim because he seeks to hold Farmers liable under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(c), for telemarketing calls allegedly made by an unidentified caller to his telephone number while his number was on the national do not call (DNC) registry.[2] Dkt. # 32, at 1. Anderson responds that he alleged extensive factual details to state a claim under the TCPA for relief against Farmers under theories of direct and vicarious liability. Dkt. # 36, at 6-7.

---

[1]     Plaintiffs and defendants refer to defendants collectively as Farmers. Dkt. # 28, at 1; Dkt. 32, at 1. Therefore, the Court will also do so herein.

[2]     While the Supreme Court invalidated § 227's government debt exception, the Court severed this exception from the remainder of § 227, leaving § 227(c) in effect. Barr v. Am. Assoc. of Pol. Consultants, Inc., 591 U.S. 610, 613 (2020).

I.

On or about September 26, 2003, Anderson registered his personal phone number, which he primarily uses for residential purposes, on the DNC registry. Dkt. # 28, at 4-5. Anderson alleges that he began receiving incessant telemarketing calls from Farmers in October 2021, despite not having applied for Farmers insurance. Id. at 7. Anderson claims that he received phone calls from the following numbers during this period: 708-665-6520, 708-665-4919, 708-665-6655, 708-640-0939, 708-665-6421, and 708-640-4818. Id. at 8-9. Anderson alleges that he answered at least four of these calls, heard the "exact same female voice" on each call, and did not engage in an extended conversation on the calls. Id.

Anderson claims that, on October 22, 2021, he answered a call from 708-640-4850 and spoke to a female representative with a "seemingly identical female voice" as the representative he spoke with on the earlier calls. Id. at 9. Anderson alleges that the representative who called from 708-640-4850 advised him that she was calling from Farmers Insurance, and that Farmers was interested in providing insurance to Anderson. Id. at 10. To confirm that the representative was calling from Farmers, Anderson answered the representative's questions so that the representative could e-mail him information. Id. After the call, Anderson received an e-mail from Seth Dierker, a Farmers representative, using the email seth.nward@farmersagency.com. Id. Anderson alleges that Dierker's email address included the Farmers logo, and a link to a Farmers' webpage displaying the Farmers logo of a Farmers insurance agent named Nickolas Ward. Id. In the email, Dierker provided Anderson a preliminary estimate for an automobile insurance policy with the Farmers logo. Id. The estimate stated that Nickolas Ward prepared the estimate, and it provided Ward's email address, nward@farmersagent.com, and his location in Coweta, Oklahoma. Id. Anderson alleges that the

Farmers corporate office in California prepared the estimate because the estimate states that it was prepared approximately two hours before it was sent to Anderson, and this two hour time difference reflects that the estimate was prepared using Pacific, rather than Central, time. Id. at 10-11.

Anderson claims that Farmers is responsible for all of the phone calls he received because the representative who advised him that she was calling from Farmers sounded identical to the caller Anderson heard during the prior phone calls. Id. at 11. Anderson alleges that Farmers has captive agents located in Oklahoma who market and sell only Farmers' insurance, which Farmers underwrites and guarantees. Id. at 6, 7. Similarly, Anderson claims that a telemarketer calling to sell a Farmers insurance policy is not allowed to sell any other insurance company's policies. Id. at 6. Anderson alleges that Farmers retains the unilateral and absolute right to control the use of its agent's marketing, including controlling the geographic scope in which its agents may sell its products and approving the use of its name or logo, its agents' telemarketing methods, and the texts and calls placed to plaintiffs and the putative class members. Id. at 6-7. Anderson claims that Farmers at times pays for these marketing efforts. Id. at 7. Further, Anderson alleges that Farmers retains the right to instruct its agents not to submit insurance applications obtained by calling or texting DNC registrants and the right to refuse to sell insurance to DNC registrants. Id. Yet, Anderson claims Farmers continues to sell insurance products to and receive premiums from registrants. Id.

On April 19, 2024, Anderson and Spencer Heckathron filed a purported class action complaint against Farmers, alleging one count of violation of the TCPA. Dkt. # 2. Farmers filed a motion to dismiss Anderson's claim only (Dkt. # 19), and plaintiffs filed an amended complaint with additional factual allegations (Dkt. # 28). On August 28, 2024, Farmers filed a motion to

dismiss the amended complaint as to Anderson's claim only. Dkt. # 32. Heckathorn's allegations in the amended complaint differ from Anderson's allegations, as Heckathorn alleges a connection between each phone number, from which he received allegedly violative phone calls and texts, and a specific Farmers' agent. Dkt. # 28, at 11-15.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face[,]" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 555, 570 (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. Although decided within an antitrust context, Twombly "expounded the pleading standard for 'all civil actions.'" Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without

supporting factual averments are insufficient to state a claim on which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III.

Anderson alleges that Farmers is directly and vicariously liable for violating 47 U.S.C. § 227(c) of the TCPA.[3] Dkt. # 28, at 16, 20. Farmers argues that Anderson fails to state a claim against Farmers because Anderson cannot show that Farmers initiated the telemarketing calls, and does not adequately plead an agency theory that would make Farmers liable. Dkt. # 32, at 2. Anderson responds that he states a claim for relief under theories of direct and vicarious liability against Farmers. Dkt. # 36, at 11.

### A.

"Congress found that unrestricted telemarketing can be an intrusive invasion of privacy and that many consumers are outraged by the proliferation of intrusive calls to their homes from telemarketers." F.T.C. v. Mainstream Mktg. Servs., Inc., 345 F.3d 850, 857 (10th Cir. 2003). Thus, Congress enacted the TCPA to reduce the number of telephone solicitations received by consumers. Id. The TCPA creates a private right of action for any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection . . . ."[4] 47 U.S.C. § 227(c)(5). Pursuant to regulation,

---

[3] Plaintiffs' amended class action complaint titles the claim against Farmers as count two (II), but does not allege a count one (I). Dkt. # 28, at 20. However, count two in the amended complaint is identical to count one in the original complaint. Dkt. # 2, at 20-21. Thus, the Court finds that plaintiffs allege only one count against Farmers.

[4] Although the TCPA creates a private right of action for a plaintiff to "bring [an action] in an appropriate court of that State[,]" the Supreme Court has determined that state and federal courts have concurrent jurisdiction over claims arising under the TCPA. § 227(c)(5); Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 367 (2012).

5

47 C.F.R. § 64.1200(c)(2), "no person or entity shall initiate any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." Under this regulation, a defendant that allegedly violates the regulation may assert certain affirmative defenses such that "[a]ny person or entity making telephone solicitations (or on whose behalf telephone solicitations are made) will not be liable for violating this requirement . . . ." Id.

Sections 227(c)(5) and 64.1200(c)(2) do not distinguish between direct and vicarious liability for violations of the statute and regulation. See Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 168 (2016) (citing In re Joint Petition Filed by Dish Network, LLC, 28 FCC Rcd. 6574 (2013)) (explaining that the Supreme Court had no reason to question the Ninth Circuit's decision to defer to the FCC's ruling "that, under federal common-law principles of agency, there is vicarious liability for TCPA violations."). Section 64.1200(c)(2) prohibits a "person or entity [from] initiat[ing] a telephone solicitation" to a DNC registrant. However, § 227(c)(5) and § 64.1200(c)(2) do not limit their application to those who initiate calls to a DNC registrant. Rather, § 227(c)(5) encompasses calls placed "by or on behalf of the same entity[,]" and § 64.1200(c)(2) provides affirmative defenses to alleged violations of the regulation for "[a]ny person or entity making telephone solicitations (or on whose behalf telephone solicitation are made) . . . ." Regardless of whether Anderson alleges a claim against Farmers for direct or vicarious liability, Anderson must plausibly plead that he received more than one phone call by or on behalf of Farmers to state a claim under § 227(c)(5).

## B.

To state a claim upon which relief can be granted under § 227(c)(5) and § 64.1200(c)(2), Anderson must plausibly allege that he is a DNC registrant who received more than one telephone solicitation call by or on behalf of Farmers within a 12-month period. Farmers argues that Anderson fails to state a claim as to Farmers' direct liability because Anderson cannot show that Farmers initiated the telemarketing calls, and that Anderson does not adequately plead an agency theory that would make Farmers vicariously liable. Dkt. # 32, at 2. Anderson responds that he sufficiently alleges Farmers's direct liability because Farmers took the steps necessary to place the alleged calls, and that he sufficiently alleges Farmers' vicarious liability because the callers' had actual or apparent authority from Farmers to make the calls, and Farmers ratified the calls by accepting insurance premiums from sales initiated by unlawful telemarketing communications. Dkt. # 36, at 11-12, 17, 23, 26. Farmers does not contest that Anderson's phone number was registered on the DNC when he received these calls, that Anderson qualifies as a residential telephone subscriber, that these phone calls qualify as solicitations, or that Anderson received these calls within a twelve month period. Thus, for the purpose of Farmers' motion to dismiss, the key inquiry is whether Anderson sufficiently plead facts suggesting that he received more than one phone call by or on behalf of Farmers.

To sufficiently allege that Anderson received more than one phone call by or on behalf of Farmers, Anderson cannot merely rely on "details regarding the timing and content of the calls" and an "unsupported allegation that [Farmers] made the unwanted calls . . . ." See Escano v. Concord

Auto. Prot., Inc., No. 22-2096, 2023 WL 4247703, *3 (10th Cir. June 29, 2023) (unpublished)[5] (holding that plaintiff's unsupported allegations that defendants made the phone calls he received were merely conclusory without supporting factual averments). Anderson claims that the representative calling from 708-640-4850 advised him that she was calling from Farmers. Dkt. # 28, at 9. As to this phone call, Anderson sufficiently supports his allegation that the call was made by or on behalf of Farmers because Anderson claims that the representative identified herself as a Farmers' representative and explained that Farmers was interested in providing insurance to Anderson. Id. Further, he claims that he received an email with an estimate from Farmers shortly after he answered the representative's questions. Id.

However, Anderson's allegations as to the other phone calls he claims were made by or on behalf of Farmers are merely speculative. Unlike Heckathorn's allegations, which link each phone number that called Heckathorn to a specific Farmers' agent, Anderson fails to plead facts from which the Court could infer a link between Farmers and the phone calls from 708-665-6520, 708-665-4919, 708-665-6655, 708-640-0939, 708-665-6421, and 708-640-4818. Id. at 8-9, 11-15. To establish that the calls from these phone numbers were made by or on behalf of Farmers, Anderson speculates that the Farmers representative calling from 708-640-4850 had a "seemingly identical" female voice to the representative Anderson heard on prior calls. Id. at 9. However, the phone numbers associated with the unidentified callers do not match the phone number of the Farmers' representative, and Anderson does not allege any facts supporting his assertion that the unidentified callers made the

---

[5] While unpublished decisions are not precedential, the Court may cite unpublished decisions for their persuasive value. 10th Cir. R. 32.1(A). Anderson and Farmers cite to only non-binding, out-of-circuit authority to support their arguments regarding whether Anderson sufficiently alleged he received calls by or on behalf of Farmers. The Court has found no such binding authority in this Circuit.

calls by or on behalf of Farmers on those occasions. Further, Anderson's allegations demonstrating a connection between Farmers and its insurance agents do not suggest a connection between Farmers and the unidentified callers. Id. at 6-7. Thus, Anderson's allegations as to the calls from all of the phone numbers other than 708-640-4850 are merely conclusory.

Accepting Anderson's well-pleaded allegations as true and viewing these allegations in the light most favorable to Anderson, he alleges that he received <u>one</u> phone call made by or on behalf of Farmers. Because Anderson fails to allege that he received more than one phone call by or on behalf of Farmers, Anderson fails to state a claim upon which relief can be granted under § 227(c)(5) under either theory of liability.[6]

**IT IS THEREFORE ORDERED** that Farmers' motion to dismiss (Dkt. # 32) plaintiffs' first amended class action complaint as to Anderson's claim only is **granted without prejudice**. Defendant Anderson is terminated as a party plaintiff, and the parties shall amend the case caption accordingly on future pleadings.

**DATED** this 1st day of November, 2024.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[6] As Anderson fails to allege that he received more than one phone call by or on behalf of Farmers, the Court does not analyze whether Anderson sufficiently alleges that Farmers or its agents "initiated" the phone calls within the meaning of 47 C.F.R. § 64.1200(c)(2), or whether Anderson sufficiently alleges actual or apparent authority or ratification.