## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SPENCER HECKATHORN, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) | |
| v. ) | Case No. 24-CV-0174-CVE-MTS |
| ) | |
| FARMERS INSURANCE EXCHANGE, ) FARMERS INSURANCE COMPANY, INC., ) and ) FIRE INSURANCE EXCHANGE, ) ) | |
| Defendants. ) | |

### ORDER AND OPINION

Before the Court is plaintiff Robert Anderson's motion and supporting brief (Dkt. # 48), seeking entry of judgment on his claim against defendants "Farmers"[1] pursuant to FED. R. CIV. P. 54(b). Anderson seeks entry of judgment in order to appeal the Court's order and opinion (Dkt. # 41) dismissing Anderson's claim without prejudice for failure to state a claim. Dkt. # 48, at 1. Plaintiff Spencer Heckathorn's claim remains. Farmers did not file a response to Anderson's motion.

Plaintiffs Anderson and Heckathorn filed a purported class action complaint against Farmers (Dkt. # 2), and Farmers filed a motion to dismiss Anderson's claim only (Dkt. # 19). Plaintiffs then filed an amended class action complaint (Dkt. # 28) with additional factual allegations, alleging one count of violation of the Telephone Consumer Protection Act.[2] Farmers filed a motion to dismiss the amended complaint as to Anderson's claim only. Dkt. # 32. Because Anderson failed to

---

[1]    Plaintiffs and defendants refer to defendants collectively as "Farmers." Dkt. # 28, at 1; Dkt. 32, at 1. Therefore, the Court will also do so herein.

[2]    As the Court previously explained, plaintiffs alleged only one count against Farmers in the amended complaint. Dkt. # 41, at 5.

plausibly allege that he received more than one phone call by or on behalf of Farmers as required under 47 U.S.C. § 227(c)(5), the Court dismissed Anderson's claim without prejudice.  Dkt. # 41, at 9.  Anderson did not seek leave to amend his complaint a second time.

Anderson seeks entry of judgment pursuant to Rule 54(b), even though Heckathorn's putative class action complaint against Farmers remains pending.  Dkt. # 48, at 1.  First, Anderson argues that the Court's order and opinion dismissing Anderson's claim is final because the Court fully disposed of Anderson's claim, and his claim is factually distinct from Heckathorn's claim.  Id. at 3.  Second, Anderson argues that no just reason to delay entry of final judgment as to his claim exists because delaying his appeal until Heckathorn's claim is fully adjudicated will result in an injustice to Anderson.  Id.

The Federal Rules of Civil Procedure permit a court to enter a judgment even if all pending claims have not been adjudicated.  Rule 54(b) provides:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

"[T]rial courts should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships." Okla. Turnpike Auth. v. Bruner, 259 F.3d 1236, 1242 (10th Cir. 2001) (quoting Gas-A-Car, Inc. v. Am. Petrofina, Inc., 484 F.2d 1102, 1105 (10th Cir. 1973)).  A district court should not certify a judgment under Rule 54(b) unless "the claims resolved are distinct and separable

2

from the claims left unresolved." <u>Old Republic Inc. v. Durango Air Serv., Inc.</u>, 283 F.3d 1222, 1225 (10th Cir. 2002) (quoting <u>Okla. Turnpike Auth.</u>, 259 F.3d at 1243). Thus, to certify a judgment under Rule 54(b), a district court must expressly find that: (1) the judgment is final; and (2) "no just reason for delay of entry of its judgment exists." <u>Stockman's Water Co. v. Vaca Partners, L.P.</u>, 425 F.3d 1263, 1265 (10th Cir. 2005).

The first element is not satisfied. A final judgment is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." <u>Curtiss-Wright Corp. v. Gen. Elec. Co.</u>, 446 U.S. 1, 7 (1980) (quoting <u>Sears, Roebuck & Co. v. Mackey</u>, 351 U.S. 427, 436 (1956)). "[A] 'claim' is generally understood to include all factually or legally connected elements of a case." <u>Okla. Turnpike Auth.</u>, 259 F.3d at 1242. In other words, "a judgment is not final for the purposes of Rule 54(b) unless the claims resolved are distinct and separable from the claims left unresolved." <u>Id.</u> at 1243. Anderson argues that the Court fully disposed of his claim, and his claim is distinct from Heckathorn's claim because "the alleged offending communications [received by Anderson and Heckathorn] are from different agents." Dkt. # 48, at 3. The Court dismissed Anderson's claim for failure to state a claim because he failed to plausibly allege that he received more than one call by or on behalf of Farmers. Dkt. # 41, at 9. Anderson did not seek leave to amend his complaint a second time. However, a factual issue remains as to whether Anderson can connect Farmers to more than one of the phone calls he received. The same attorneys represent both Heckathorn and Anderson, and these attorneys will conduct class certification discovery. During the course of discovery, the attorneys may discover that Anderson received more than one phone call by or on behalf of Farmers, and, if so, Anderson may qualify as a class member or may amend his complaint to be reinstated as a class representative plaintiff. Conversely, if, after discovery, the

3

Court certifies a class and Anderson does not qualify as a class member or representative, or if the Court does not certify the class, Anderson may then appeal the legal issue of whether he plausibly alleged that he received more than one phone call by or on behalf of Farmers.[3]  Thus, Anderson's claim remains intertwined with Heckathorn's pending purported class action, and the Court's order and opinion does not constitute a final judgment.[4]

The second element is also not satisfied.  "The purpose of Rule 54(b) 'is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available.'" Okla. Turnpike Auth., 259 F.3d at 1241 (quoting 10 Charles A. Wright et al., Federal Practice and Procedure: Civil § 2654 at 33 (2d ed. 1982)).  The district court must act as a "dispatcher" under Rule 54(b) by balancing the interests of judicial efficiency against the inequity of delaying an appeal. Curtiss-Wright Corp., 446 U.S. at 8.  Anderson argues that delaying his appeal will impair his ability to obtain relevant evidence from Farmers' independent contractors.  Dkt. # 48, at 3.  However, Heckathorn and Anderson share the same attorneys, and these attorneys will conduct class certification discovery as to Farmers' independent contractors.  Thus, the Court finds that delaying

---

[3]    At that time, Anderson could argue that Escano v. Concord Auto. Prot., Inc., No. 22-2096, 2023 WL 4247703, *3 (10th Cir. June 29, 2023) (unpublished), incorrectly held that the plaintiff's unsupported allegations that the defendant made the phone calls he received were merely conclusory without supporting factual averments beyond "details regarding the timing and content of the calls."

[4]    Anderson also asserts that the Court resolved all claims relating to communications from Farmers agent, Nickolas Ward, by dismissing Anderson's claim. Dkt. # 48, at 3.  However, the Court dismissed Anderson's claim because he failed to allege that he received more than one phone call by or on behalf of Farmers. Dkt. # 41, at 9.  The Court made no findings as to Ward and has yet to certify or define a class.  The Court need not address whether the class definition will include individuals who received calls or texts placed by or on behalf of Ward until the class certification stage.  FED. R. CIV. P. 23(c)(1).

4

Anderson's appeal is not inequitable. Further, as Anderson may qualify as a class member or representative after discovery, the interest of judicial efficiency weighs against allowing Anderson to pursue a piecemeal appeal. See Okla. Turnpike Auth., 259 F.3d at 1241 (quoting Sears, Roebuck & Co., 351 U.S. at 438) ("Rule 54(b) 'preserves the historic federal policy against piecemeal appeals . . . .'"). Therefore, neither element is satisfied, and the Court should deny Anderson's motion.

**IT IS THEREFORE ORDERED** that Anderson's motion seeking an entry of judgment pursuant to Rule 54(b) (Dkt. # 48) is **denied without prejudice**.

**DATED** this 7th day of January, 2025.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE